**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| NATRESHA DAWSON-PASCHALL,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, and ROCKET COMPANIES, INC./ROCKET MORTGAGE, LLC, *as Successor-in-Interest to Nationstar Mortgage, LLC*,<br><br>Defendants. | Civil Action No. 26-3366-TDC |

## MEMORANDUM ORDER

Plaintiff Natresha Dawson-Paschall filed this civil action against Defendants NationStar Mortgage, LLC ("NationStar") and Rocket Companies, Inc./Rocket Mortgage, LLC in which she alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, the Maryland Mortgage Fraud Protection Act ("MMFPA"), Md. Code Ann., Real Prop. §§ 7–401 to 7–409 (LexisNexis 2023), and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14–201 to 14–204 (LexisNexis 2013). Dawson-Paschall has filed an Emergency Motion for a Temporary Restraining Order or Preliminary Injunction in which she seeks an order enjoining a foreclosure sale scheduled to occur on October 7, 2026. The Motion is fully briefed. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6.

## BACKGROUND

Sometime before June 25, 2025, Dawson-Paschall obtained a mortgage loan from NationStar on a residence located on Easton Street in Temple Hills, Maryland, 20748 ("the

Property"). Although Dawson-Paschall claims that she submitted a written notice of intent to cancel the mortgage within three days, as permitted by federal law, she continued to reside at the Property for the next 14 years. On August 6, 2025, Defendants initiated foreclosure proceedings against Dawson-Paschall in the Circuit Court of Maryland for Prince George's County ("the state court") in *Clarke v. Dawson*, No. C-16-CV-25-004407. On June 17, 2026, the state court dismissed the foreclosure action without prejudice pending a loss mitigation review and directed the trustees to submit a status report informing the Circuit Court when that review was completed.

On August 24, 2026, Dawson-Paschall filed the present case in this Court. On August 26, 2026, the state court granted a Motion to Reinstate the Case filed by the substitute trustees in the foreclosure proceeding. In the Order granting the motion, the state court reopened the case, stated that it "shall continue in its normal course," and set a status conference to occur on October 21, 2025. 8/26/2026 Order at 1, Am. Compl. Ex. 10, ECF No. 9-10. The substitute trustees then scheduled a foreclosure sale of Property to occur on October 7, 2026. On September 9, 2026, Dawson-Paschall filed an emergency motion in the state court, which remains pending, in which she asked the state court to strike and cancel the scheduled foreclosure sale. Dawson-Paschall also filed a Motion to Dismiss the foreclosure action.

**DISCUSSION**

In the Motion, Dawson-Paschall seeks a temporary restraining order ("TRO") or preliminary injunction barring Defendants, any of their agents, or the substitute trustees from conducting the October 7, 2026 foreclosure sale. To obtain a TRO or a preliminary injunction, a party must establish that: (1) there is a likelihood of success on the merits; (2) there is a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the moving party's favor; and (4) an injunction is in the public interest. *See Winter v. Nat. Res. Def.*

*Council, Inc.*, 555 U.S. 7, 20 (2008). Each of the four factors must be satisfied for the moving party to obtain a preliminary injunction. *See Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013). Where the legal standard is the same for both a TRO and a preliminary injunction, and Defendants have now had the opportunity to oppose the Motion, the Court will treat the Motion as seeking a preliminary injunction.

The Motion fails for multiple reasons. First, Dawson-Paschall has asked the Court to enjoin part of the foreclosure proceedings ongoing in the state court. Under the Anti-Injunction Act ("AIA"), 28 U.S.C. § 2283, a federal district court may not grant "an injunction to stay the proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Id.* This bar extends to injunctions to prevent enforcement of state court orders relating to the right to possess real property. *See Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 641 (D. Md. 2015); *Williams v. Cohn*, No. PX-16-2886, 2016 WL 4415058, at *2 (D. Md. Aug. 19, 2016) (finding that the AIA barred an injunction to prevent the defendants from foreclosing on specific property). None of the exceptions to the AIA is present here. Thus, the relief Dawson-Paschall seeks in the Motion is not available.

Second, Dawson-Pascall has not established a likelihood of success on the merits of her claims under the FDCPA, the MMFPA, and the MCDCA. As relevant here, the FDCPA prohibits a debt collector from using a "false, deceptive, or misleading representation or means in connection with the collection of any debt," including a "false representation of … the character, amount, or legal status of any debt." 15 U.S.C. § 1692e. The MMFPA prohibits "[k]nowingly making any deliberate misstatement, misrepresentation, or omission during the mortgage lending process with the intent that the misstatement, misrepresentation, or omission be relied on by a mortgage lender,

borrower, or any other party to the mortgage lending process." Md. Code Ann., Real. Prop. § 7–401(d). Finally, the MCDCA provides that it is unlawful for a debt collector to "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Md. Code Ann., Com. Law, § 14-202(8).

Although Dawson-Paschall has generally alleged that Defendants violated these provisions by ignoring her notice of intent to cancel her mortgage loan, continuing to seek loan payments from her, making false statements to her and to the state court that her loan had not been canceled and was legally valid, and forcing her into multiple coercive loan modifications that inflated the value of the mortgage loan, she has provided only minimal evidence in support of these claims. Dawson-Paschall has submitted two handwritten documents, dated June 25, 2012, purporting to cancel her loan, but she has provided no documentation that they were actually delivered to Defendants by the June 28, 2012 deadline, and she has also submitted a letter from NationStar disputing that she ever canceled the mortgage loan. Significantly, she has not provided any explanation for how and why she continued to live at the Property for another 14 years despite having allegedly canceled the mortgage in 2012. Thus, at this early stage, Dawson-Paschall has not demonstrated a likelihood of success on the merits of any of her claims.

Third, Dawson-Paschall has not shown that she will suffer irreparable harm absent preliminary relief. Although the Property is scheduled for a foreclosure sale on October 7, 2026, that event will not necessarily prevent Dawson-Paschall from retaining the Property. Maryland law governing foreclosures provide owners of real estate in Dawson-Paschall's position with "three means of challenging a foreclosure: obtaining a pre-sale injunction pursuant to Maryland Rule [14–211], filing post-sale exceptions to the ratification of the sale under Maryland Rule 14–305(d), and the filing of post-sale ratification exceptions to the auditor's statement of account

pursuant to Maryland Rule 2–543(g), (h)." *Kamara v. Shapiro Brown & Alt, LLP*, No. 0471 Sept. Term 2015, 2016 WL 1064432, at *3 (Md. Ct. Spec. App. Mar. 17, 2016) (citing *Wells Fargo Home Mortg., Inc. v. Neal,* 398 Md. 705, 726 (2007)). Dawson-Paschall has already pursued the first avenue available to her by filing various motions in the state court to stay or enjoin the foreclosure proceedings, including a Motion to Stay the sale and dismiss the foreclosure action pursuant to Maryland Rule 14–211 that has not yet been resolved. Where Dawson-Paschall has an alternative route to relief that she is actively pursuing, the Court cannot find that irreparable harm will necessarily occur if the foreclosure sale occurs. Even if the state court rules against Dawson-Paschall on her pre-sale motions, she will still have a right to challenge the validity of the sale after it occurs. *See Kamara*, 2016 WL 1064432, at *3. Thus, while the valid bases for a post-sale challenge to a foreclosure are more limited, Dawson-Paschall will not be forced from her home on the date of the foreclosure sale. *See id.* at *4; Md. Rule 14–305(e)-(f) (providing that foreclosure sales are subject to ratification, to which a party may object). Dawson-Paschall has therefore not shown a likelihood of irreparable injury.

Finally, although the balance of the equities may favor Dawson-Paschall, as the adverse impact of a foreclosure sale would undoubtedly have a more detrimental effect on her than a modest delay would have on Defendants, she has not shown that a preliminary injunction would be in public interest. As is evident from the discussion relating to the Anti-Injunction Act, there is a public interest in allowing an ongoing state court matter such as a foreclosure to proceed without interference from a federal court. *See McGagh v. Supreme Ct. of Md.*, No. MJM-24-1015, 2024 WL 4108529, at *1 (D. Md. Sept. 6, 2024) (finding that a TRO was not in the public interest where it would interfere with the function of state courts, as such a TRO would go against "foundational principles of federalism, comity, and separation of powers, and interfere with the

defendants' performance of their official duties, which would clearly run counter to the public interest").

Where Dawson-Paschall has not demonstrated that all four requirements for a preliminary injunction have been satisfied, the Motion will be denied.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that Dawson-Paschall's Renewed Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 14, is DENIED.

Date: October 2, 2026

THEODORE D. CHUANG
United States District Judge