**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| NATRESHA DAWSON-PASCHALL,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, and ROCKET COMPANIES, INC./ROCKET MORTGAGE, LLC, *as Successor-in-Interest to Nationstar Mortgage, LLC*,<br><br>Defendants. | Civil Action No. 26-3366-TDC |

## MEMORANDUM ORDER

Plaintiff Natresha Dawson-Paschall filed this civil action against Defendants NationStar Mortgage, LLC ("NationStar") and Rocket Companies, Inc./Rocket Mortgage, LLC in which she alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, the Maryland Mortgage Fraud Protection Act ("MMFPA"), Md. Code Ann., Real Prop. §§ 7–401 to 7–409 (LexisNexis 2023), and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14–201 to 14–204 (LexisNexis 2013). On September 21, 2026, Dawson-Paschall filed an Emergency Motion for a Temporary Restraining Order or Preliminary Injunction, which the Court denied on October 2, 2026. ECF No. 17. Dawson-Paschall has now filed a Motion for Reconsideration and Renewed Motion for a Temporary Restraining Order. ECF No. 18. Upon review of the Motion, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons stated below, the Motion will be denied.

**DISCUSSION**

Dawson-Paschall asks the Court to reconsider its October 2, 2026 Memorandum Order denying her Emergency Motion for a Temporary Restraining Order ("TRO"). Although Dawson-Paschall cites Federal Rule of Civil Procedure 59(e), which governs motions to alter or amend a judgement, the October 2, 2026 Order did not end the case, so the Motion is governed by Rule 54(b), which applies to interlocutory orders. Under this provision, an interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Reconsideration under Rule 54(b) is appropriate in three circumstances: "where there is (1) substantially different evidence discovered during litigation, (2) an intervening change in law, or (3) clear error causing manifest injustice." *Clear Touch Interactive, Inc. v. Ockers Co.*, 171 F.4th 715, 729 (4th Cir. 2026) (citing *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017)). Although the Rule 54(b) standard is not as exacting as the standards under Rules 59 and 60, *see id.* at 728–29, revisiting earlier rulings is still "subject to the caveat that 'where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Off. Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964)).

"It is hard to imagine a less efficient means to expedite the resolution of cases than to allow the parties unlimited opportunities to seek the same relief simply by conjuring up a new reason to ask for it." *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001). Thus, a motion for reconsideration is "not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request." *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 620 (D. Md. 2013). Otherwise, "there would be no conclusion to motions practice, each motion becoming nothing more than the latest

installment in a potentially endless serial that would exhaust the resources of the parties and the court." *Potter*, 199 F.R.D. at 553.

Upon review of the Motion, the Court finds that Dawson-Paschall has not submitted any evidence that is "substantially different" from that which the Court already considered in its October 2, 2026 Memorandum Order. *Clear Touch Interactive, Inc.*, 171 F.4th at 729. The only new, previously unavailable fact that she has provided is that the foreclosure sale which she has asked the Court to enjoin has been rescheduled from October 7, 2026 to December 2, 2026. If anything, this fact weighs against granting emergency relief, as the risk of harm from the foreclosure sale is now less imminent. Dawson-Paschall has also not identified any intervening change in the law or clear error causing manifest injustice. Accordingly, the Motion for Reconsideration will be denied. Even to the extent that the Motion could be construed as a new Motion for a TRO, where Dawson-Paschall has identified no basis to conclude that her claims are likely to succeed on the merits, that she is likely to suffer irreparable harm if emergency relief is not granted, or that a TRO will be in the public interest, *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), the Motion will be denied for the same reasons discussed in the Court's ruling on the first Motion. ECF No. 17.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that Dawson-Paschall's Motion for Reconsideration and Renewed Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 18, is DENIED.

Date: October 27, 2026

THEODORE D. CHUANG
United States District Judge